UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY DENNIS, <br><br> Petitioner, <br><br> v. <br><br> D. SAMUEL et al., <br><br> Respondent. | Case No. 2:23-cv-04981-MCS-BFM <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, (R. & R., ECF No. 20), and Respondent's Objections to the Report and Recommendation, (Objs., ECF No. 22). The Court accepts the recommendations of the Magistrate Judge and overrules Respondent's objections.

Specifically, the Court finds unpersuasive Respondent's argument that the date the remittitur issues from the California Court of Appeal after a voluntary dismissal necessarily triggers the limitation period here. As relevant to this action, the limitation period to bring a habeas petition under 28 U.S.C. § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Even if an appeal is final on the

date a remittitur issues, as Respondent asserts, (Objs. 2 (citing *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 479 (2007)), this proposition pertains only to the former half of § 2254(d)(1)(A); Respondent does not directly engage with the latter half of the provision, "the expiration of time for seeking [direct] review."

Respondent offers no authority for the proposition that an appellant cannot take an appeal of a Court of Appeal decision granting voluntary abandonment of an appeal. (Objs. 1.) Instead, Respondent appears to rest on "intuitive . . . sense" insofar as "there is nothing to review in connection with a voluntary abandonment or dismissal of an appeal." (*Id.*) The Court finds no difficulty imagining grounds for review of a Court of Appeal decision on a request for voluntary dismissal. For example, a party to an appeal might seek review of collateral issues that might accompany a voluntary dismissal decision, such as an award of costs of appeal, *see* Cal. R. Ct. 8.278(a)(5) (authorizing award or denial of costs "[i]n the interests of justice" "as it deems proper"), or an order imposing sanctions, *see* Cal. R. Ct. 8.276(a) (authorizing imposition of sanctions for taking a frivolous appeal). Or an appellant might seek review of a Court of Appeal decision misinterpreting a filing as an abandonment or approving a procedurally defective abandonment. *See* Cal. R. Ct. 8.316(a). As uncommon or unlikely as these scenarios might be, Respondent has not shown such appeals of decisions approving voluntary dismissals are incognizable under California law.

Because the Court has not found, and Respondent has not identified, any provision of law that prevented Petitioner from seeking further review even after his voluntary abandonment of his appeal, *see Mark v. Thaler*, 646 F.3d 191, 194 (5th Cir. 2011), the Court on de novo review concurs with the Magistrate Judge's reasoning that the appropriate trigger for § 2244(d)(1)(A) here is the expiration of time for seeking review of the decision approving voluntary dismissal of the appeal, (R. & R. 6–8 (citing, inter alia, Cal. R. Ct. 8.500(a)). For the reasons provided by the Magistrate Judge, the Court concludes *White v. Klitzkie*, 281 F.3d 920 (9th Cir. 2002), does not militate a different conclusion. (R. & R. 8–9.) The Court agrees with the Magistrate Judge that

the petition cannot be dismissed as untimely.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Respondent's Motion to Dismiss is denied.
3. Respondent shall file an Answer within 30 days of this Order.
4. The Clerk shall serve this Order on all counsel or parties of record.

**IT IS SO ORDERED.**

Dated: February 12, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3